IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EVANDER J. MORRISSETTE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 2:15cv275-ECM |
| ) | (WO) |
| WILLIE T. PARHAM, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

This case is pending before the Court on the plaintiff's excessive force claim which is set for a jury trial on February 4, 2019. On October 29, 2018, an order was issued, a copy of which the Clerk mailed to the plaintiff at the last address he provided to the court. The postal service returned this document marked "unclaimed, unable to forward." The order of procedure entered in this case instructed the plaintiff to immediately inform the court of any new address. (Doc. 9 at 6, ¶7(h)). The docket indicates that the plaintiff understood his obligation to keep the court informed of his current address as he initially complied with this requirement. *See* Docs. 25 & 31. However, based on the recent return of his mail, it is clear the plaintiff has now failed to comply with this requirement and, as such, this case cannot properly proceed if his whereabouts remain unknown.

On November 27, 2018, the Court issued another order directing the plaintiff to show cause why this case should not be dismissed for his failure to comply with the orders of the court and his failure to adequately prosecute this case. (Doc. 43). The plaintiff was specifically cautioned that if he failed to respond as required by the order, the court would

dismiss this case for his failure to respond. (*Id*. at 2). The plaintiff has filed nothing in response to the order of the court. The court therefore concludes that this case is due to be dismissed for his failures to prosecute this action and comply with the orders of the court.

The court has reviewed the file in this case to determine whether less drastic sanctions than dismissal are appropriate and finds that under the facts of this case dismissal is the proper sanction. The plaintiff has exhibited a lack of respect for this court and its authority as he has failed to respond to the orders entered in this case. It is therefore clear that any additional effort by this court to procure the plaintiff's compliance would be unavailing. When the case was filed, the plaintiff was an indigent state inmate. Thus, the court finds that the imposition of monetary or other punitive sanctions against the plaintiff would be ineffectual. Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders of this court and his failure to prosecute this cause of action warrant dismissal of this case. Accordingly, it is

ORDERED and ADJUDGED that this case be dismissed without prejudice for the plaintiff's abandonment of his claims, failure to prosecute this action and failure to comply with the orders of the court. It is further

ORDERED that the jury trial set for February 4, 2019 be and is hereby CANCELED and all deadlines are terminated.

A separate judgment will issue.

Done this 8th day of January, 2019.

                                          /s/Emily C. Marks
                                          EMILY C. MARKS
                                          UNITED STATES DISTRICT JUDGE